**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CARL McINTOSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:06-cv-1700-DFH-WTL |
| | ) | |
| R. V. VEACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Plaintiff's Motion to**
**Vacate Judgment and Request to Amend**

This action was dismissed without prejudice in a *Judgment* entered on the clerk's docket on February 13, 2008 (dkt 35). The plaintiff has filed an appeal pertaining to that disposition. The appeal has been docketed as No. 08-1459. His request to proceed on appeal *in forma pauperis* is pending in the Court of Appeals, having been denied by this court on March 3, 2008.

The plaintiff has also filed a motion to vacate judgment and request to amend (dkt 49). It is that motion and request which is addressed in this Entry.

The timely filing of a notice of appeal typically divests the district court of jurisdiction over aspects of the case involved in the appeal. *Kusay v. United States,* 62 F.3d 192, 193-94 (7th Cir. 1995). However, a district court retains jurisdiction to take additional action in aid of the appeal, such as denying Rule 60(b) relief on the merits, despite the pendency of an appeal. *Chicago Downs Ass'n v. Chase,* 944 F.2d 366, 370 (7th Cir. 1991); *Textile Banking Co. v. Rentschler,* 657 F.2d 844, 849-50 (7th Cir. 1981). Many cases, including *United States v. Cronic,* 466 U.S. 648, 667 n.42 (1984), say that a district court may deny, but not grant, a post-judgment motion while an appeal is pending.

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). As noted in paragraph 3 of the Entry of March 3, 2008, because of the filing barrier in 28 U.S.C. § 1915(g) and because of the plaintiff's own history of abusive litigation,

he is ineligible to proceed *in forma pauperis.* Regardless of what other circumstances his motion to vacate presents–and noting that the proposed amended complaint signed by the plaintiff on February 5, 2008, does not allege that he is under imminent danger of serious physical injury as that term is used in 28 U.S.C. § 1915(g) and as would suffice to permit him to overcome the filing barrier in § 1915(g), see *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)(explaining that "imminent danger" requires a "real and proximate" threat or prison condition)–there is no meritorious claim which is identified here. Additionally, the failure to timely submit a second amended complaint as directed in the Entry of December 11, 2007, remains unexcused. The motion to vacate the Judgment of February 13, 2008 (dkt 49), therefore, is denied.

With respect to the remaining portion of the plaintiff's filing of May 8, 2008, "a party cannot request leave to amend following a final judgment unless that judgment has been vacated." *Weiss v. Cooley,* 230 F.3d 1027, 1034 (7th Cir. 2000). After judgment is entered, the complaint can only be amended with "leave of court" and after a successful Rule 59(e) or Rule 60(b) motion. *Amendola v. Bayer,* 907 F.2d 760, 765 n.5 (7th Cir. 1990). Here, plaintiff's Rule 60(b) motion has failed, thus the request to amend must also be denied.

Based on the foregoing, therefore, any relief which can be thought to be sought through the plaintiff's filing of May 8, 2008 (dkt 49), is **denied.**

So ordered.

_David F. Hamilton_

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:    5/29/2008

Distribution:

Carl McIntosh
Reg. No. 22260-044
F.C.I. Terre Haute
P.O. Box 33
Terre Haute, IN 47808